IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BLOOM,<br><br>    *Plaintiff*,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CHASE MORTGAGE HOLDINGS, INC., CHASE HOME FINANCE, LLC, RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. BANK NATIONAL ASSOCIATION,<br><br>    *Defendants*. | Civil Action No. 2:20-cv-1386<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Edward Bloom filed a Complaint against Defendants Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association ("U.S. Bank") (collectively, "Foreclosing Defendants") and against JPMorgan Chase Bank, N.A.; Chase Mortgage Holdings, Inc.; and Chase Home Finance, LLC (collectively, "Chase") in the Court of Common Pleas of Allegheny County at Case No. GD-20-009018. Bloom challenged the amount due on his Mortgage and brought seven claims against Chase and Foreclosing Defendants: (I) violations of the Truth in Lending Act ("TILA"); (II) violations of the Real Estate Settlement Procedures Act ("RESPA"); (III) violations of the Fair Credit Extension Uniformity Act ("FCEUA"); (IV) violations of the Fair Debt Collection Practices Act ("FDCPA") and FCEUA; (V) violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (VI) breach of contract; and, in the alternative, (VII) unjust enrichment. On September 16, 2020, Chase

1

filed a Notice of Removal to this Court. (ECF No. 1). Before the Court is Foreclosing Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 20).

I.   BACKGROUND

On August 25, 2007, Bloom borrowed $457,000 ("loan") from JPMorgan Chase Bank, N.A. ("JPMorgan") for the purchase of real property located at 3023 Fairview Road, Gibsonia, Pennsylvania 15044. (*See* ECF No. 1-2, ¶ 10). To secure the loan, Bloom executed a Note and a Mortgage for JPMorgan.

On June 6, 2017, Chase Home Finance LLC reassigned the Mortgage to U.S. Bank, not in its capacity but solely as trustee for the RMAC Trust, Series 2016-CTT. On June 16, 2017, Chase sent Bloom a letter informing him that, effective July 1, 2017, Chase would be transferring the servicing of the loan to Rushmore. (ECF No. 1-1, ¶ 105).

On April 1, 2019, U.S. Bank filed a mortgage foreclosure complaint against Bloom in the Court of Common Pleas of Allegheny County under the docket number MG-19-382 ("Foreclosure Action"). The loan had been in default for the March 1, 2013 payment and all payments later due. (ECF No. 1-2, p. 64). Bloom filed an Answer, New Matter and Counterclaims in the Foreclosure Action on June 7, 2019. On October 18, 2019, the court sustained U.S. Bank's Preliminary Objections and dismissed Bloom's Counterclaims in the Foreclosure Action.

Bloom then filed this action in the Court of Common Pleas of Allegheny County on August 21, 2020. Chase removed the Complaint to the United States District Court for the Western District of Pennsylvania on September 14, 2020.

II.  STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although the Court must accept the allegations as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

#### A. Introduction

Bloom sues Foreclosing Defendants under TILA, RESPA, FCEUA, FDCPA, UTPCPL and for breach of contract and unjust enrichment. Bloom argues that Foreclosing Defendants are unable to prove ownership of the Note and therefore do not have the legal right to foreclose. Foreclosing Defendants argue that most of the actions outlined in the Complaint took place before Foreclosing Defendants acquired an interest in the mortgage. (ECF No. 21, p. 2). Bloom counters

that Defendants' actions have been ongoing and that Foreclosing Defendants are, through a theory of agency, responsible for all actions taken on the mortgage. Even after reviewing the Complaint in the light most favorable to Bloom, the Court concludes that Bloom has improperly pled his claim. As such, the Court will grant Foreclosing Defendants' Motion to Dismiss.

### B. Ownership of the Note

Bloom argues that Foreclosing Defendants cannot prove ownership of the Note or Mortgage and, therefore, cannot foreclose. (ECF No. 25, p. 2). Foreclosing Defendants counter that they are the appropriate party to bring the foreclosure action. (ECF No. 26, p. 1).

Pennsylvania law recognizes that "a foreclosure plaintiff need not prove the assignment as a prerequisite to filing a complaint in foreclosure." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1262 (Pa. Super. 2013). The "real party in interest in any given contract or chose in action is the person who can discharge the duties created and control an action to enforce rights." *Id.* (citing *McIntyre Sq. Assocs. v. Evans*, 827 A.2d 446, 455 (Pa. Super. 2003)). Upon default, the holder of a mortgage has the right to bring a foreclosure action. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464–65 (Pa. Super. 2014) (citing *Cunningham v. McWilliams*, 174 A.2d 1054, 1056–57 (Pa. Super. 1988)). The "holder" of a negotiable instrument is the "person entitled to enforce" it. 13 Pa. C.S.A. § 3301(1). The mortgagee is the true party in interest for foreclosure action, *PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 619–20 (Pa. Super. 2014), but a party in possession of a promissory note may also have standing. *Murray*, 63 A.3d at 1266.

The Pennsylvania Uniform Commercial Code ("PUCC") governs negotiable instruments. §§ 3101, 3104. "A promissory note accompanied by a mortgage is a negotiable instrument." *Murray*, 63 A.3d at 1263. "[T]he holder of the instrument" is "entitled to enforce" the instrument. § 3104. The "holder" is, "[w]ith respect to a negotiable instrument, the person in possession of the instrument is payable to bearer . . . if the identified person is in possession." § 1201. Section

1201 defines "bearer" as "[t]he person in possession of an instrument, document title, or certificated security payable to bearer or indorsed in blank." *Id.* "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." § 3205(b).

Here, the Note is an unconditional promise by Bloom to pay a fixed amount of money with interest. (*See* ECF No. 1-2, p. 35). The Note is "indorsed in blank" and Foreclosing Defendants had the Note when they commenced foreclosure action. (*See id.* at 38). As the possessor, Foreclosing Defendants have a right to enforce the Note. The Court finds that Foreclosing Defendants are the true owner of the Note and possess the right of enforcement.

### C. Agency Theory

Bloom argues that Foreclosing Defendants are agents of Chase Defendants. Thus, Foreclosing Defendants are responsible for all actions taken before Foreclosing Defendants possessed the Note. Bloom's theory, however, is misguided. Agency theory turns on actual or apparent authority. Actual agency "exists with the (1) manifestation of the principal that the agent shall act for him; (2) the acceptance of the undertaking by the agent; and (3) the control of the endeavor in the hands of the principal." *Tribune-Review Pub. Co. v. Westmoreland Cnty. Hous. Auth.*, 833 A.2d 112, 119–20 (Pa. 2003). Without explanation, Bloom declares Foreclosing Defendants have actual authority and are agents of Chase Defendants.

Bloom continues that when Foreclosing Defendants began their relationship with him, they continued the deception started by Chase Defendants as agents of Chase Defendants. But, Foreclosing Defendants are not agents of Chase Defendants. They did not undertake any actions on behalf of Chase Defendants. They took action on their behalf. Not only are Foreclosing Defendants in possession of the Note, but Bloom also received notice of the transfer of the Note

5

from Chase Defendants to Foreclosing Defendants. (ECF No. 1-2, pp. 114, 123). As true owners of the Note, they had every right to enforce the Note.

Because Foreclosing Defendants are not agents of Chase Defendants, they bear no responsibility for the actions taken on by Chase. Moreover, an "assignee of a mortgage takes it subject to all the equities and set-offs existing between the original parties." *See McCune v. Gross*, 105 A.2d 367, 369 (Pa. 1954) (recognizing the well-settled principle that an assignee of a mortgage may avail itself of all remedies afforded the original party). Here, all actions occurred before their ownership of the Note. The Court finds Foreclosing Defendants are not responsible for the actions of Chase Defendants.

### D. Sufficiency of the Pleading

Foreclosing Defendants argue Bloom's pleading does not state a cause of action. (ECF No. 26, p. 4). Bloom fails to differentiate between any Defendants named in the Complaint and he neither specifies what actions constitute "ongoing actions" on behalf of Foreclosing Defendants nor alleges dates or times when Foreclosing Defendants allegedly took these actions. (*Id.*).

In deciding a Rule 12(b)(6) motion to dismiss, the Court does not opine on whether plaintiffs are likely to prevail on the merits, but it must accept all well-pleaded allegations in a light most favorable to plaintiffs. *Fowler*, 578 F.3d at 210. Here, although Bloom need not provide detailed factual allegations, he must provide more than mere labels or conclusions. *Twombly*, 550 U.S. at 555. Bloom has failed to provide more than conclusions. The Court is therefore unable to find a cause of action entitling Bloom to relief.

## IV. CONCLUSION

All Counts against Foreclosing Defendants will be dismissed. Foreclosing Defendants' Motion to Dismiss will be granted, and they will be terminated parties in this case. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6-21-21
Dated